FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 19, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHEILA J., <br><br>    Plaintiff, <br><br>    v. <br><br>COMMISSIONER OF SOCIAL SECURITY, <br><br>    Defendant. | No. 1:18-cv-03157-JTR <br><br> ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 17. Attorney D. James Tree represents Sheila J. (Plaintiff); Special Assistant United States Attorney Michael S. Howard represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 8. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, IN PART,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits on July 3, 2014, alleging disability since June 21, 2014, due to PTSD, bipolar, diabetes, high

blood pressure, and obesity. Tr. 180. The application was denied initially and upon reconsideration. Tr. 75-77, 83-90. Administrative Law Judge (ALJ) Timothy Mangrum held a hearing on February 22, 2017, Tr. 32-51, and issued an unfavorable decision on April 19, 2017, Tr. 15-24. Plaintiff requested review of the ALJ's decision from the Appeals Council. Tr. 149-52. The Appeals Council denied Plaintiff's request for review on June 20, 2018. Tr. 1-6. The ALJ's April 2017 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on August 16, 2018. ECF No. 1, 4.

## STATEMENT OF FACTS

Plaintiff was born in 1969 and was 45 years old as of her alleged onset date. Tr. 52. She has some college education in business, Tr. 624, and worked as a housekeeper, care provider, and produce sorter prior to filing for disability. Tr. 192-97. She experienced significant trauma from sexual assault and the loss of several pregnancies. Tr. 624.

On June 21, 2014, the alleged onset date, Plaintiff was psychiatrically hospitalized due to acute altered mental state, following escalating manic symptoms for the previous three weeks. Tr. 280. She reported having had one or two similar episodes each year since she was a teenager, though previous episodes had not been as extreme, and she never sought mental health treatment previously. Tr. 280. Plaintiff experienced two more episodes resulting in psychiatric hospitalization during the pendency of her claim. Tr. 335, 789. At the hearing Plaintiff testified she had experienced some improvement in her condition, but she still had good and bad days, with the bad days leading her to stay in bed three or four days out of the week. Tr. 39-42.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035,

1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a). *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 404.1520(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to

other work; and (2) the claimant can perform specific jobs which exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 404.1520(a)(4)(v).

## ADMINISTRATIVE DECISION

On April 19, 2017, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 21, 2014, the alleged onset date. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: depression and bipolar disorder. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18-19.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform work at all exertional levels, with the following limitations:

> She should avoid concentrated exposure to hazards such as heights, heavy machinery, humidity, wetness, extremes of temperature, and vibrations. She is limited to jobs of an SVP of 1, 2, or 3. She is limited to simple, work-related instructions with few changes to the work setting. She can have occasional contact with supervisors and coworkers. She can have no contact with the public. She would be off-task and not productive up to 10 percent of the workday.

Tr. 19.

At step four, the ALJ found Plaintiff was capable of performing her past relevant work as a produce sorter and a cleaner housekeeper. Tr. 23.

///
///

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from June 21, 2014, the alleged onset date, through the date of the ALJ's decision, April 19, 2017. Tr. 24.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) using the incorrect date last insured; (2) omitting impairments at step two; (3) failing to make sufficient findings at step three; (4) improperly assessing Plaintiff's allegations; and (5) improperly evaluating the opinion evidence.

**DISCUSSION**

**1. Plaintiff's subjective allegations**

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 13 at 13-15.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical and other evidence of record. Tr. 20. The ALJ found the record demonstrated some "brief periods of decompensation" related to periods of medication noncompliance, but found that the record generally showed improvement in functioning with treatment. *Id.* The ALJ further noted that Plaintiff had received no mental health treatment prior to her June 2014 hospitalization, and that mental status evaluations throughout the record were largely unremarkable. Tr. 21-22.

Evidence of improvement in a claimant's condition must be read in context of the entire record. "It is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014); *see also Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace."). Plaintiff was psychologically hospitalized three times during the relevant period at issue, at times displaying acute psychosis or severe suicidal ideation. Tr. 280-81, 335, 789. She was stabilized sufficiently each time to be discharged, yet continued to experience depression and some suicidal thoughts, and would have good and bad days. Tr. 39-40, 700-01, 713, 818. Though she did improve from the acute episodes, her conditions continued to be present and impact her daily functioning. Therefore, this was not a clear and convincing basis upon which to reject Plaintiff's subjective allegations.

The fact that the record contains no mental health treatment prior to the alleged onset date is irrelevant. Plaintiff did not claim to be disabled until her first inpatient hospitalization for acute altered mental state, which is fully documented.

Tr. 280. The ALJ failed to offer any explanation for why he considered her lack of treatment when she was not claiming disability to undermine her later claims of disability.

To the extent the ALJ indicates Plaintiff's allegations are not supported by the objective evidence, this alone is an insufficient basis upon which to reject her statements. *Reddick*, 157 F.3d at 722. Defendant asserts the ALJ was justified in relying in part on the lack of support from the objective evidence because he also found Plaintiff's testimony inconsistent with her activities. ECF No. 17 at 4-5. However, the ALJ did not offer this as a basis for questioning Plaintiff's allegations. The Court will review only the reasons provided by the ALJ and "may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

Upon remand, the ALJ shall re-evaluate Plaintiff's statements and testimony. The ALJ shall reassess what statements, if any, are not consistent with the medical evidence and other evidence in the record, and what specific evidence undermines those statements.

**2. Medical opinion evidence**

Plaintiff argues the ALJ erred in his evaluation of the medical opinion evidence, giving insufficient weight to the treating sources, erroneously attributing a statement from Plaintiff to a medical provider, and issuing an RFC without sufficient justification. ECF No. 13 at 15-21.

**A. Dr. Caryn Jackson, MD**

Plaintiff argues the ALJ failed to provide sufficient reasons for rejecting Dr. Jackson's opinions, and failed to account for the fact that Dr. Jackson deferred to Plaintiff's mental health providers with respect to her functional abilities. ECF No. 13 at 16-17.

In a disability proceeding, the courts distinguish among the opinions of three types of acceptable medical sources: treating physicians, physicians who examine

but do not treat the claimant (examining physicians) and those who neither examine nor treat the claimant (nonexamining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). A treating physician's opinion generally carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a nonexamining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester*, 81 F.3d at 830.

When a treating physician's opinion is not contradicted by another physician, the ALJ may reject the opinion by citing "clear and convincing" reasons; when a treating physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons," based on substantial evidence, to reject the opinion. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes*, 881 F.2d at 751. The ALJ is required to do more than offer his conclusions, he "must set forth his interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988). The ALJ must also set forth the reasoning behind his or her decisions in a way that allows for meaningful review. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (finding a clear statement of the agency's reasoning is necessary because the Court can affirm the ALJ's decision to deny benefits only on the grounds invoked by the ALJ).

Plaintiff's treating doctor, Caryn Jackson, MD, offered two statements in support of Plaintiff's claim. Tr. 593-94, 599-600. In November 2015 she completed a form noting Plaintiff's diagnosis of bipolar disorder, but deferred assessment of functional limitations to Plaintiff's mental health provider, other than to indicate that she believed it was more probable than not that Plaintiff would miss work twice per month if attempting to work full time. Tr. 593-94. In a July 2016 opinion, Dr. Jackson noted Plaintiff's diagnoses to include bipolar disorder,

hyposomnia, morbid obesity, diabetes, and osteoarthritis of the lumbar spine. Tr. 599. She opined full time work would be physically and mentally difficult for Plaintiff, and that Plaintiff would likely worsen over time. Tr. 600.

The ALJ gave these opinions little weight, noting Dr. Jackson had a minimal treatment relationship with Plaintiff, and finding the opinions to be vague, speculative, unexplained, and lacking in support in the record. Tr. 22. These are all relevant factors for the ALJ to have considered. Notably, Dr. Jackson stated in the first opinion "I have not seen her much at all." Tr. 593. It is appropriate for an ALJ to consider the nature and length of the treatment relationship. 20 C.F.R. § 404.1527(c)(2). Furthermore, the regulations note that the Commissioner will generally give more weight to opinions that are well-explained. 20 C.F.R. § 404.1527(c)(3). Dr. Jackson offered no explanation for her opinion that Plaintiff would miss work on a regular basis, or what evidence she relied on in concluding full time work would cause Plaintiff's conditions to worsen. Tr. 594, 600. The ALJ's analysis is sufficient.

However, as this claim is being remanded for further proceedings, the ALJ will consider the record as a whole in completing the sequential evaluation process.

### B. Joanna Kass, ARNP

Plaintiff argues the ALJ erred in rejecting the opinion from Plaintiff's treating ARNP, Joanna Kass, by failing to address portions of the opinion and offering insufficient reasons for the rejection. ECF No. 13 at 17-19.

An ALJ may discount the opinion of an "other source," such as a nurse practitioner, if he provides "reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

///
///
///
///

On June 8, 2016, Nurse Kass completed a form opinion regarding Plaintiff's functioning. Tr. 595-97. She noted numerous moderate and marked limitations[1] in Plaintiff's ability to understand and remember, sustain concentration and persistence, maintain social interaction, and adapt to situations. Tr. 595-96. She opined Plaintiff was severely limited[2] in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. Tr. 596. She further opined Plaintiff met the criteria for the mental listings, and that she would be off-task over 30% of the workday and miss four or more days of work per month. Tr. 597.

The ALJ offered a brief summary of this opinion, and gave it little weight, noting the opinion to be lacking in specific support or explanation for the degree of limitations opined, and finding the records to not document the level of impairment noted by Nurse Kass. Tr. 22. A lack of explanation and support in an opinion is a germane reason for giving it little weight. 20 C.F.R. § 404.1527(c)(3). Nurse Kass did not explain any of her answers or indicate the basis for her opinions. The ALJ did not err.

However, on remand, the ALJ will consider the entire record in completing the sequential evaluation process.

---

[1] The form defined moderate limitation as "significant interference with basic work-related activities i.e., unable to perform the described mental activity for at least 20% of the workday up to 33% of the workday" and defined marked limitation as "very significant interference with basic work-related activities i.e., unable to perform the described mental activity for more than 22% of the workday." Tr. 595.

[2] The form defined severely limited as "inability to perform one or more basic work-related activities." Tr. 595.

### C. Shane Anderson, Pharm.D.

Plaintiff argues the ALJ mis-read the record and attributed statements to Mr. Anderson[3] that were actually statements made by Plaintiff. ECF No. 13 at 16.

In January 2015, at a medication management visit, Mr. Anderson noted: "Sheila is a complex client given recent psych hospitalizations, side effect concerns, and physical health issues such as diabetes. In the meantime, she plans on applying for SSI and continuing in therapy. However, if she does not receive SSI and continues feeling as stable as she is now then she may go back to work." Tr. 851-52.

Plaintiff argues this was not an endorsement of an ability to work by Mr. Anderson, but rather his recounting of Plaintiff's prospective plans. ECF No. 13 at 16. Defendant argues the ALJ neither accepted nor rejected the statement but found it consistent with the longitudinal record. ECF No. 17 at 13-14.

The Court finds the ALJ's interpretation of the record is reasonable. "When the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Any error in the ALJ's analysis is ultimately harmless, as Mr. Anderson did not offer a specific functional assessment, and the notation about returning to work was theoretical and premised on continued stability.

### D. The RFC

Plaintiff asserts the ALJ erred in ostensibly giving the most weight to the reviewing consultant, Dr. Bailey, and yet adopting numerous greater limitations with seemingly no evidentiary basis. ECF No. 13 at 19-20. Defendant asserts the ALJ's RFC formulation is consistent with Dr. Bailey's opinion. ECF No. 17 at 14-15.

---

[3] This provider has a Pharm.D. degree.

The Court finds no error in the ALJ assigning great weight to Dr. Bailey's opinion, yet still finding additional limitations to be warranted. However, the Court finds the ALJ failed to adequately explain the basis for finding Plaintiff would be off-task and not productive up to ten percent of the workday. Tr. 19. In completing the five-step sequential process, the ALJ must identify a claimant's functional limitations and assess her work-related abilities on a function-by-function basis, and include a narrative discussion describing how the evidence supports the determination. 20 C.F.R. § 404.1545; Social Security Ruling 96-8p.

The ALJ rejected Plaintiff's subjective testimony and the opinions of her treating sources finding she would be off-task or absent; no other evidence speaks to this issue directly. It is therefore unclear what the ALJ's basis for the off-task limitation was, other than the vocational expert's testimony that any more than ten percent of off-task time on an ongoing basis would lead to termination of employment. Accordingly, the Court finds the ALJ's RFC determination lacks adequate explanation to show that it is supported by substantial evidence in the record. On remand, the ALJ shall reformulate the RFC and include a discussion of how the evidence supports the RFC.

### 3. Date Last Insured

Plaintiff asserts the ALJ erred in using the incorrect date last insured in portions of his discussion. ECF No. 13 at 6-7.

Plaintiff's insured status for Disability Insurance Benefits extended through June 30, 2017. Tr. 160. The ALJ acknowledged this date in Finding #1, Tr. 17, and adjudicated the claim through the date of the decision, April 19, 2017. Tr. 15, 24.

Plaintiff is correct that in the body of the decision the ALJ referenced the incorrect date last insured. Tr. 19 ("Her date last insured is June 30, 2016."). The ALJ also referred to "treatment notes after the date last insured," which, as of the date of the decision, had not yet occurred. Tr. 21. The Court finds these errors

inconsequential to the outcome, as the ALJ discussed all relevant records and opinion evidence, and issued a decision covering the entire relevant period through the date of adjudication. As this claim is being remanded to address other errors, the entire relevant period through the correct date last insured will be evaluated, and the ALJ should clearly specify which period of time is being considered.

### 4. Step two findings

Plaintiff asserts the ALJ erred in failing to consider some of Plaintiff's conditions at step two, specifically her lumbar back condition, her psychotic disorder, and PTSD. ECF No. 13 at 7-9. Plaintiff contends the conditions are medically established and contribute to Plaintiff's inability to work, and thus should have been found severe. *Id.*

The step-two analysis is "a de minimis screening device used to dispose of groundless claims." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). An impairment is "not severe" if it does not "significantly limit" the ability to conduct "basic work activities." 20 C.F.R. § 404.1522(a). Basic work activities are "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (internal quotation marks omitted). Step two is merely a threshold determination meant to screen out weak claims. *Bowen v. Yuckert*, 482 U.S. 137, 146-47 (1987).

Even if the ALJ's failure to list Plaintiff's back disorder and other mental impairments as severe was error, the error would be harmless because step two was resolved in Plaintiff's favor, and Plaintiff fails to identify any credited limitation associated with those conditions that was not considered by the ALJ and incorporated into the RFC finding. *See Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir.

2005). However, because the claim is being remanded on other bases, the ALJ will reconsider the entire record and make additional step two findings as warranted.

**5. Step three findings**

Plaintiff argues the ALJ failed to properly assess the Listings at step three. ECF No. 13 at 9-13. Specifically, Plaintiff asserts the ALJ erred in his analysis of the "B Criteria" and failed to offer any explanation for his finding that Plaintiff did not meet the "C Criteria" of the mental listings. *Id.*

A claimant is considered disabled at step three when her impairment meets the durational requirement and her impairment meets or equals a listed impairment in Appendix 1. 20 C.F.R. § 404.1520(d). "An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment." *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). However, the ALJ is not required to state why a claimant fails to satisfy every criteria of the listing if they adequately summarize and evaluate the evidence. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1200-01 (9th Cir. 1990); *Lewis*, 236 F.3d at 512.

At step three the ALJ found Plaintiff's conditions did not meet or medically equal Listing 12.04. Tr. 18-19. The ALJ discussed in detail the requirements of Listing 12.00 and the relevant "B criteria." Tr. 18. He also stated, "In this case, the evidence fails to establish the presence of the 'paragraph C' criteria." Tr. 19.

With respect to the assessment of the B criteria, Plaintiff has failed to show that the ALJ erred in his evaluation of the evidence. The ALJ discussed at length each of the B criteria and the evidence he relied on in reaching the ratings in the various categories. Tr. 18. Though Plaintiff encourages a different interpretation of the record, the ALJ's conclusions are supported by substantial evidence. *Batson v. Comm'r of Soc. Sec. Admin*, 359 F.3d 1190, 1193 (9th Cir. 2004) ("if evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision").

///

With respect to the C criteria, the ALJ failed to explain his conclusion that the criteria were not met. Tr. 19. "A boilerplate finding is insufficient to support a conclusion that a claimant's impairment" does not meet or equal a listed impairment. *Lewis*, 236 F.3d at 512. On remand, the ALJ will reconsider the record as a whole and explain his findings at each step of the sequential process.

## CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's RFC determination is not supported by substantial evidence and must be reevaluated. On remand, the ALJ shall reevaluate Plaintiff's subjective complaints, reassess the medical evidence, formulate a new RFC, obtain supplemental testimony from a vocational expert, if necessary, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED, IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 17**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED June 19, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE